IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ace American Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:06-2535-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michelin North America, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Michelin North America, Inc.'s ("MNA") motion to dismiss pursuant to Rule 12(b)(1), (6), and (7) of the Federal Rules of Civil Procedure. After review, the court grants MNA's motion to dismiss.

**I. FACTUAL BACKGROUND**

ACE American issued International Advantage Commercial Insurance Policy No. PHF070904 to MNA for the period 8/1/03 to 8/1/04 (hereinafter "Master Policy"). (Compl. Ex. A (Master Policy).) Michelin North America (Canada) Inc. ("MNA Canada"), a separate entity from MNA, is also an insured under the Master Policy. Another ACE company, ACE INA, issued a separate policy to MNA Canada ("Local Policy") which contains different terms and conditions from the Master Policy. (Id. ¶ 8.)

Everett Smith filed suit against MNA Canada in the Nova Scotia Supreme Court on June 20, 2005, seeking a declaration that MNA Canada make certain contributions to its pension plan ("Smith Action"). (Id. ¶ 15 & Ex. D (Smith Action).) MNA Canada filed a separate declaratory judgment action against ACE INA in Canada seeking a declaration

1

concerning coverage under the Local Policy ("Canada DJ action").  (Id. ¶ 22.)  ACE American and MNA are not parties to the Canada DJ action.

ACE American alleges that in a letter dated March 27, 2006, MNA tendered the Smith Action to ACE American under the Master Policy.  (Id. ¶ 20.)  ACE American advised MNA that the Master Policy did not provide coverage for the Smith Action.  (Compl. ¶ 21.)  In the instant declaratory judgment action, ACE American seeks a declaration that it does not have a duty to defend or indemnify MNA under the Master Policy for the claims alleged against MNA Canada in the Smith Action.  (Id. ¶ 1.)

MNA filed the instant motion asserting that this action must be dismissed pursuant to Rule 12(b)(1), (6), and (7) of the Federal Rules of Civil Procedure because (1) no justiciable controversy exists between ACE American and MNA; (2) under the first-to-file rule, the Canada DJ action should proceed and the instant action should be dismissed; and (3) MNA Canada is a necessary and indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

## II. Discussion of the Law

MNA moves to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for "lack of jurisdiction over the subject matter."  In a motion to dismiss for lack of subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  Eldeco, Inc. v. Skanska USA Bldg., Inc., 447 F. Supp. 2d 521, 523 (D.S.C. 2006) (internal quotation marks omitted).  "The plaintiff has the

burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment." Id.

MNA alleges that the case must be dismissed because there is no justiciable controversy between MNA and ACE American. MNA submits that MNA Canada is the proper defendant in this action.

"The test for a case or controversy . . . is whether the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests." Commercial Union Ins. Co. v. Detyens Shipyard, Inc., 147 F. Supp. 2d 413, 420-21 (D.S.C. 2001) (internal quotation marks omitted). "In deciding whether a justiciable controversy exists, a district court looks to whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. at 421 (internal quotation marks omitted).

"[The] ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Reno v. Catholic Soc. Servs. Inc., 509 U.S. 43, 57 n.18 (1993). "Doctrines like standing . . . and ripeness are simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice." Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir. 1991). "Ripeness is peculiarly a question of timing." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580 (1985) (internal quotation marks omitted). "Its basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Id. (internal quotation marks omitted).

3

"[T]he doctrine of ripeness is one of indefinite contours, especially when considered in conjunction with a declaratory judgment action." Warner Cable Commc'ns Inc. v. Borough of Schuykill Haven, 784 F. Supp. 203, 206 (E.D. Pa. 1992). While the Declaratory Judgment Act, 28 U.S.C. § 2201, allows a court to issue a judgment before an injury is accomplished, there must be an actual controversy at issue. See Delavigne v. Delavigne, 530 F.2d 598, 601 (4th Cir. 1976). "[A] declaratory judgment may not be given for a purely hypothetical situation [or as] . . . an advisory opinion." A.S. Abell Co. v. Chell, 412 F.2d 712, 719 (4th Cir. 1969).

In this case, ACE American asks the court to look into the future and stave off the threat of potential litigation. This matter is not ripe for a declaratory judgment. MNA is not a party to the Canada DJ action or the Smith Action. Further, MNA affirmatively states that it is not currently seeking coverage from ACE American under the Master Policy. (Reply Supp. Mot. Dismiss 2.) The letter to ACE American providing notice of the Smith Action was required under the terms of the Master Policy. (Id.)

The court finds that there is no justiciable controversy between MNA and ACE American. The Smith Action concerns the payment of certain benefits by MNA Canada to employees of MNA Canada, not MNA. In the Canada DJ Action, MNA Canada is seeking a declaration that ACE INA is required to provide defense costs for the Smith Action under the Local Policy. (Def.'s Mem. Supp. Mot. Dismiss 11-12.) MNA is not involved in any way in the Smith Action. In essence, MNA may or may not seek coverage for the Smith Action from ACE American under the Master Policy in the future.

ACE American argues that there is a justiciable controversy because MNA, as the first named insured in the Master Policy, agreed to act as "sole agent" for the other insureds, including MNA Canada, under the Master Policy.  (Pl.'s Mem. Opp'n Mot. Dismiss 8.)  The Master Policy states under "General Conditions" in pertinent part as follows:

**Sole Agent**

If more than one person or organization is insured under this policy, the first one named in the Declarations will act on behalf of all others.

(Compl. Ex. A (Master Policy).)  Therefore, ACE American submits that MNA is a proper defendant as the agent for the other insureds because it is the first listed insured.  However, even if the court found that MNA was MNA Canada's agent, there is still no justiciable controversy.  MNA Canada has not sought coverage under the Master Policy.

ACE American alleges that it is concerned that it will be called into settlement negotiations concerning the Smith Action and asked to contribute monies to the settlement. (Pl.'s Mem. Opp'n Mot. Dismiss 13; Hearing Tr. 10-11.)  ACE American is essentially asking the court to issue an advisory opinion regarding whether there is coverage under the Master Policy to avoid a possible bad faith claim if it is asked to participate in settlement negotiations and refuses to contribute any funds.

There is no immediate threat of litigation in this case because coverage under the Master Policy has not been sought by MNA or MNA Canada.  Further, there has been no adjudication of the merits of the Smith Action or the Canada DJ Action.  If the Canadian court finds in favor of MNA Canada in the Canada DJ Action, it may moot any possible future request for coverage under the Master Policy.

5

Based on the foregoing, ACE American's declaratory judgment action is dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

It is therefore

**ORDERED** that MNA's motion to dismiss is granted and this case is dismissed without prejudice.[1]

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
January 22, 2007

---

[1] Because the court grants MNA's motion to dismiss for lack of subject matter jurisdiction, it is unnecessary for the court to consider MNA's other arguments for dismissal.